**Kamaljit Singh THIND, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71607.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 29, 2003.

Hilary A. Han, Esq., Vicky J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Office of Immigration Litigation, Victor M. Lawrence, U.S. Department of Jus-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane A. Restani, United States Court of International Trade, sitting by designation.

tice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM *

Kamaljit Singh Thind, a native and citizen of India, petitions for review of the Board of Immigration Appeals's dismissal of his appeal from an immigration judge's denial of his applications for asylum and withholding of removal. The IJ's denial was predicated upon an adverse credibility determination, and the BIA affirmed those findings. We must affirm that decision unless the record compels a finding that the applicant was credible and is eligible for immigration benefits. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003); *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

In this case, the IJ's adverse credibility determination is supported by material gaps and inconsistencies in the petitioner's testimony, including his lack of awareness of crucial events that characterized the movement for Khalistani independence (including elections), the insufficiency of his explanation for a long period of inactivity in the movement, his inability to identify a key leader of the movement, and his combined failure to vote and apparent inability to grasp the fact that the organization to which he purportedly belonged was dependent upon electoral achievements to attain its goals. Because the IJ and BIA's decisions are supported by substantial evidence, the petition for review is

DENIED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.